UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **SHENEKA H. HATFIELD** | * | **CIVIL ACTION NO.** |
| | * | |
| Plaintiff, | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE JUDGE:** |
| **BIO-MEDICAL LIFE APPLICATIONS** | * | |
| **OF LOUISIANA, LLC** | * | |
| | * | |
| Defendant. | * | **JURY REQUESTED** |
| | * | |

## COMPLAINT

Plaintiff, Sheneka H. Hatfield, through undersigned counsel, brings this Complaint against defendant herein, and alleges:

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to Title VII of the Civil Rights Act of 1964, as amended, (42 U.S.C. § 2000e *et seq.*) and the United States Constitution, Fourteenth Amendment. The unlawful employment practices alleged below were committed in the City of Monroe which is within the Western District of Louisiana, Monroe Division and, thus, venue properly rests with this Court under 28 U.S.C. § 1391 (b) & (c).

### PARTIES

2. Plaintiff, Sheneka H. Hatfield, a female individual, is a citizen of the United States and a resident of the Town of Bastrop, State of Louisiana.

3. Defendant, Bio-Medical Applications of Louisiana, LLC, d/b/a Fresenius Medical Care (hereinafter "***Fresenius***"), is a foreign limited liability company having its principal place of business in Louisiana at 6620 Riverside Drive, Suite 201, Metairie, Louisiana. Fresenius is an employer within the meaning of 42 U.S.C.A. § 2000e(b).

## FACTUAL BACKGROUND

4. Sheneka H. Hatfield was first employed by Fresenius on or about October 26, 2013, as a Patient Care Technician in Monroe, Louisiana.

5. Ms. Hatfield was regularly subjected to sexual harassment, including comments and unwanted touching, which came from a patient of Fresenius.

6. The harassment and discrimination which Ms. Hatfield endured created a sexually charged and hostile work environment.

7. Ms. Hatfield complained of the sexual harassment she experienced from Fresenius's patient in April 2015, and during a staff meeting on June 11, 2015. However, no meaningful action was taken to stop the sexual harassment.

8. Despite previously reporting the sexual harassment and the hostile environment created by this conduct, Ms. Hatfield against complained of an incident of sexual harassment by the same Fresenius patient on June 23, 2015.

9. In retaliation for her reporting of the sexual harassment, Ms. Hatfield was placed on suspension from work and ultimately discharged by Fresenius on July 2, 2015.

10. On July 2, 2015, Fresenius terminated Ms. Hatfield's employment.

11. Upon information and belief, Ms. Hatfield avers that the defendant, Fresenius, employees in excess of 15 employees.

12. On or about September 9, 2015, Ms. Hatfield filed a charge of employment discrimination with the Equal Employment Opportunity Commission and the Louisiana Commission on Human Rights.

13. On or about May 23, 2016, as a result of its investigation, the Equal Employment Opportunity Commission determined that Ms. Hatfield was subjected to sexual harassment, reported the harassment, and was then discharged in violation of Title VII of the Civil Rights Act of 1964, as amended.

14. On August 22, 2016, a Notice of Right to Sue (Conciliation Failure) was issued and received by Ms. Hatfield, advising Ms. Hatfield of her right to institute this action pursuant to 42 U.S.C. §2000e-5(f)(1).

## FIRST CAUSE OF ACTION
(42 U.S.C. § 2000e *et seq.*)

15. Plaintiff, Sheneka H. Hatfield, repeats and realleges the allegations contained in paragraphs 1 through 14 of this Complaint.

16. Ms. Hatfield was subjected to sexual harassment by a patient of her employer, Fresenius which conduct deprived Ms. Hatfield of her rights guaranteed under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*).

17. Ms. Hatfield solely because of her engaging in the protected activity of objecting to and complaining of the unlawful acts of a patient of Fresenius, has been subjected to retaliation by her former employer, Fresenius, which conduct has deprived Ms. Hatfield of her right to equal protection of the laws guaranteed under the Fourteenth Amendment of the United States Constitution and Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*).

18. As a direct consequence of the acts of defendant, Fresenius, herein above complained of, plaintiff, Ms. Hatfield, was and continues to be deprived of her rights for a substantial period of time, has and continues to suffer economic loss, as well as anxiety and distress.

19. As a result of defendant's willful and intentional violation of Ms. Hatfield's rights protected by Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*), Ms. Hatfield has been subjected to economic loss, embarrassment, mental anguish and distress and has sustained damages.

## SECOND CAUSE OF ACTION
(Louisiana Revised Statutes § 23:301 *et seq.*)

20. Plaintiff, Sheneka H. Hatfield, repeats and realleges the allegations contained in paragraphs 1 through 19 of this Complaint.

21. Ms. Hatfield was subjected to sexual harassment by a patient of her employer, Fresenius, and was subjected to retaliation by her employer, Fresenius, which conduct deprived Ms. Hatfield of her rights guaranteed under Louisiana Revised Statutes § 23:301, *et seq.*

22. As a direct consequence of the acts of defendant, Fresenius, herein above complained of, plaintiff, Ms. Hatfield, has suffered damages, including but not limited to extreme emotional distress, pain, and suffering; has sought and received treatment for emotional distress, pain, and suffering thereby incurring medical expenses; and plaintiff, Ms. Hatfield, feels that she will likely continue to incur medical expenses for the foreseeable future.

23. As a direct consequence of the acts of defendant, Fresenius, herein above complained of, plaintiff, Ms. Hatfield, has suffered loss of income, wages and benefits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, Sheneka H. Hatfield, respectfully prays:

A. That judgment be awarded to plaintiff for damages and punitive damages to be proven at trial;

B. That judgment be awarded to plaintiff for her costs herein, together with her reasonable attorney's fees;

C. That judgment be awarded to plaintiff for such other relief as may appear to the Court to be equitable and just, including but not limited to restoration of plaintiff's employment with defendant; and

D. That this matter be tried by jury.

Respectfully submitted,

*[signature]*

W. Michael Street, Bar No. 24667

**WATSON, MCMILLIN & STREET, LLP**
1881 Hudson Circle
Monroe, Louisiana 71201
Telephone: (318) 322-9700
Facsimile: (318) 324-0809
Email: street@wmhllp.com
Attorneys for Sheneka H. Hatfield

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| SHENEKA H. HATFIELD | * | CIVIL ACTION NO. |
| Plaintiff, | * | |
| VERSUS | * | JUDGE: |
| | * | |
| | * | MAGISTRATE JUDGE: |
| BIO-MEDICAL LIFE APPLICATIONS OF LOUISIANA, LLC | * | |
| Defendant. | * | JURY REQUESTED |

**VERIFICATION**

BEFORE ME, the undersigned Notary Public, personally came and appeared SHENEKA H. HATFIELD, who being duly sworn, did depose and state that:

She is the Plaintiff in the above captioned matter and she has read the foregoing Complaint, and all of the facts and allegations contained in the foregoing Complaint are true and correct to the best of her knowledge, information and belief.

Monroe, Louisiana, this 12th day of September, 2016.

_____
SHENEKA H. HATFIELD

SWORN TO AND SUBSCRIBED before me, Notary Public, on this, the 12th day of September, 2016.

_____
NOTARY PUBLIC
W. Michael Street
LA Bar Roll No. 24667